# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

DONALD TARNAWA,

*Defendant - Appellant.*

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
No. 4:03-CR-144-1

## BRIEF FOR APPELLEE UNITED STATES OF AMERICA

Jay R. Combs
United States Attorney
Eastern District of Texas

Alan Jackson
Assistant United States Attorney
110 N. College, Suite 600
Tyler, Texas 75702
(972) 509-1400

ATTORNEYS FOR THE UNITED STATES

## Statement Regarding Oral Argument

The United States does not request oral argument because (1) the facts and legal arguments are adequately presented in the briefs and record and (2) oral argument will not assist the Court in its consideration of the issues presented as they relate to the record in this case. Fed. R. App. P. 34(a)(2)(C).

# Table of Contents

Statement Regarding Oral Argument ...................................................... i

Table of Authorities.................................................................. iii

Statement of Jurisdiction............................................................ 1

Statement of the Issue .............................................................. 1

Statement of the Case .............................................................. 1

Summary of the Argument ......................................................... 4

Argument.............................................................................. 4

    Issue: The district court did not abuse its discretion in
denying Tarnawa's motion for compassionate release................... 4

    A.    Standard of Review ............................................. 5

    B.    The district court did not make a clearly erroneous
assessment of the evidence. ................................................. 6

        1.    Taken alone, post-sentencing rehabilitation is not
an extraordinary and compelling reason for a
sentence reduction. ...................................................... 8

        2.    Tarnawa failed to show that a reduction is
warranted under the factors at 18 U.S.C. §
3553(a). ........................................................... 9

Conclusion ......................................................................... 12

Certificate of Service ............................................................. 13

Certificate of Compliance......................................................... 13

# Table of Authorities

**Federal Cases**                                                        **Page(s)**

*Gall v. United States,*
  552 U.S. 38 ..................................................................................5

*United States v. Chambliss,*
  948 F.3d 691 (5th Cir. 2020) ................................................5, 7

*United States v. Chapple,*
  847 F.3d 227 (5th Cir. 2017) .....................................................5

*United States v. Davis,*
  No. 21-40515, 2022 WL 881754 (5th Cir. Mar. 24, 2022) ......................7

*United States v. Escajeda,*
  58 F.4th 184 (5th Cir. 2023) .....................................................7

*United States v. Jenkins,*
  50 F.4th 1185 (D.C. Cir. 2022) ..................................................6

*United States v. Prince,*
  No. 21-40135, 2021 WL 4900906 (5th Cir. Oct. 20, 2021) ....................8

*United States v. Rollins,*
  53 F.4th 353 (5th Cir. 2022) ...................................................10

*United States v. Ruffin,*
  978 F.3d 1000 (6th Cir. 2020) ...................................................7

*United States v. Shkambi,*
  993 F.3d 388 (5th Cir. 2021) ...............................................6, 7, 8

*United States v. Tarnawa,*
  05-40719, 182 F. App'x 294 (5th Cir. May 8, 2006) ..........................2

*United States v. Tarnawa,*
  21-40893, 2022 WL 6727321 (5th Cir. Oct. 11, 2022) ..........................3

*United States v. Wilson,*
  2024 WL 4267923 n.7 (E.D. Tex. Sep. 23, 2024) .................................10

*Ward v. United States,*
  11 F.4th 354 (5th Cir. 2021) ...................................... 5, 7, 9, 10

**Federal Statutes and Rules**

18 U.S.C. § 3231 ..............................................................1

18 U.S.C. § 3553(a) ..................................................... *passim*

18 U.S.C. § 3582 ............................................................10

18 U.S.C. § 3582(c) ..........................................................5

18 U.S.C. § 3582(c)(1)(A) ............................................ 2, 3, 5, 9

18 U.S.C. § 3582(c)(1)(A)(i).................................................1

28 U.S.C. § 1291 ............................................................1

Fed. R. App. P. 32(a)(5) ...................................................13

Fed. R. App. P. 32(a)(6) ...................................................13

Fed. R. App. P. 32(a)(7) ...................................................13

Fed. R. App. P. 32(f) ......................................................13

Fed. R. App. P. 34(a)(2)(C) .................................................ii

## Sentencing Guidelines

U.S.S.G. § 1B1.13(b) ............................................................................3

U.S.S.G. § 1B1.13(b)(3) .......................................................................3

U.S.S.G. § 1B1.13(d) ............................................................................8

## Statement of Jurisdiction

Donald Tarnawa filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court (Mazzant, C.J.) denied the motion, and Tarnawa appeals. The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

## Statement of the Issue

The district court did not abuse its discretion in denying Tarnawa's motion for compassionate release.

## Statement of the Case

Tarnawa was indicted on September 11, 2003, on a 31-count indictment: wire fraud (Counts 1–5), in violation of 18 U.S.C. § 1343; bank fraud (Counts 6–11), in violation of 18 U.S.C. § 1344; and money laundering (Counts 12–31), in violation of 18 U.S.C. § 1957(a). ROA.21-44. On August 18, 2004, a jury found Tarnawa guilty on all counts. ROA.264-66.

The presentence report calculated Tarnawa's total offense level to be 34. PSR ¶ 50. Tarnawa's criminal history included an extensive number of prior convictions: resisting arrest, burglary, escape, soliciting

1

prostitution, possession of LSD, obtaining property in return for worthless checks, grand theft, theft over $750, and forgery of bank bills. ROA. 963-64. These prior convictions produced a criminal history score of 100—more than ten times the points needed to qualify for Criminal History Category VI. PSR ¶ 104. A total offense level of 34 and a Criminal History Category VI resulted in a guidelines range of 262 to 327 months' imprisonment. PSR ¶130. Tarnawa was subsequently sentenced to a total prison term of 480 months. ROA.413-19. Tarnawa filed a direct appeal on May 3, 2005. ROA.420. This Court affirmed the conviction. ROA.446; *United States v. Tarnawa*, 05-40719, 182 F. App'x 294 (5th Cir. May 8, 2006).

Tarnawa has served approximately 55% of his term of imprisonment, with a projected release date of October 25, 2036. ROA.964.

In June 2021, Tarnawa filed his first motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ROA.629-68. He alleged that his medical conditions subjected him to heightened risk for contracting COVID-19 and asserted his efforts toward post-sentencing rehabilitation, along with the severity of his sentence.

ROA.543 et seq.    The motion was denied in September 2021. ROA.716-27. Tarnawa appealed the ruling to this Court, which determined that he "failed to demonstrate an abuse of discretion on the district court's part" and affirmed the denial of his motion.  *United States v. Tarnawa*, 21-40893, 2022 WL 6727321, *1 (5th Cir. Oct. 11, 2022).

Undeterred, on January 6, 2025, Tarnawa filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ROA.865-933, 935-37. This time he argued that every extraordinary and compelling reason under U.S.S.G. 1B1.13(b) applied to him (except for 1B1.13(b)(3)), and the Section 3553(a) factors weighed in favor of a reduction. ROA.865-933. The district court denied the motion on January 13, 2026. ROA.963-79. In a lengthy memorandum opinion and order, the court first determined that, "[e]ven if there were 'extraordinary and compelling' reasons at hand, the sentencing factors under 18 U.S.C. § 3553(a), which Defendant bears the burden of showing, weigh against his release." ROA.976. The court further held that Tarnawa did not present extraordinary and compelling reasons for release based on his alleged medical conditions or rehabilitation. ROA.977-78.

Tarnawa appeals once again, arguing that the district court did not adequately consider his reasons for compassionate release. Appellant's Br. 8.

## Summary of the Argument

The district court did not abuse its discretion in denying Tarnawa's motion for compassionate release. Tarnawa offers no extraordinary and compelling reason for a reduction under the statute, and relief would not be consistent with the applicable policy statement. Furthermore, Tarnawa has failed to show that a reduction is warranted under the factors of 18 U.S.C. § 3553(a), providing an independent reason to deny his motion.

## Argument

### Issue: The district court did not abuse its discretion in denying Tarnawa's motion for compassionate release.

On appeal, Tarnawa alleges only that the district court erred by overlooking his purported rehabilitation in denying Tarnawa's second motion for compassionate release. But rehabilitation alone cannot be considered an extraordinary and compelling reason warranting compassionate release. Moreover, consideration of Tarnawa's proffered reasons justifying his early release is not determinative because the

district court correctly denied the motion upon review of the Section 3553(a) factors.

## A. Standard of Review

A district court's decision to deny an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it 'bases its decision on an error of law or a clearly erroneous assessment of the evidence.'" *Id.* (quoting *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017)).

Section 3582(c)(1)(A) presents "one of a few exceptions to the general rule that 'court[s] may not modify a term of imprisonment once it has been imposed.'" *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)) (alteration in original). Accordingly, this Court has observed that:

> [i]n examining for error, we begin with the proposition that motions for compassionate release are inherently discretionary. By statute, a district court "may" reduce an otherwise-eligible defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Further, we give deference to the district court's determination because a "sentencing judge is in a superior position to find facts and judge their import under [Section] 3553(a) in the individual case." *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United*

*States*, 552 U.S. 38, 51 … (2007)).  Altogether, the district court is obligated to consider the Section 3553(a) factors before deciding whether to order compassionate release, and we give deference to the district court when it does.

*Id.* at 360.

## B.    The district court's assessment of Tarnawa's case was not clearly erroneous.

Tarnawa argues that the district court abused its discretion by erroneously assessing the facts before it in two areas: his rehabilitation and the Section 3553(a) sentencing factors. But the record shows that the court did not abuse its discretion in finding that Tarnawa failed to establish extraordinary and compelling reasons for release, nor did it err in finding that the applicable sentencing factors weighed against his release.

An inmate bears the burden of demonstrating an extraordinary and compelling reason for compassionate release.  *E.g., United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). The Court has made clear how exacting that standard is:

> We understand "extraordinary" to mean "beyond or out of the common order," "remarkable," and synonymous with "singular."  Extraordinary, WEBSTER'S NEW INTERNATIONAL DICTIONARY 903 (2d. ed. 1934; 1950) ("WEBSTER'S SECOND"); *see also  United States v. Jenkins*, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (Katsas, J.) (defining "extraordinary" as "most

6

unusual," "far from common," and "having little or no precedent" (quotation omitted)). "Compelling" is a participle of "compel," which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate." Compel, WEBSTER'S SECOND, supra, at 544. These terms explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner. *See Chambliss*, 948 F.3d at 693 (discussing terminal illness).

*United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

In addition to showing an extraordinary and compelling reason warranting his early release, the inmate "must convince the district judge to exercise discretion to grant the motion after considering the Section 3553(a) factors." *Shkambi*, 993 F.3d at 392. Consideration of the Section 3553(a) factors is a statutory requirement that may, standing alone, be determinative. *See, e.g., United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the Section 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief.") (cited with approval in *Ward v. United States,* 11 F.4th 354, 360 (5th Cir. 2021)); *see also United States v. Davis*, No. 21-40515, 2022 WL 881754, *1 (5th Cir. Mar. 24, 2022) (unpublished) (no need to resolved alleged error regarding policy statement "because the district court independently determined

that compassionate release was not warranted based on its consideration of 18 U.S.C. § 3553(a)"); *United States v. Prince*, No. 21-40135, 2021 WL 4900906, \*1-\*2 (5th Cir. Oct. 20, 2021) (unpublished) (even though district court erred on jurisdiction, panel affirmed because the lower court did not abuse its discretion in finding that the Section 3553(a) factors precluded compassionate release).

1. **Taken alone, post-sentencing rehabilitation is not an extraordinary and compelling reason for a sentence reduction.**

On appeal, Tarnawa relies on a claim of rehabilitation as his only extraordinary and compelling reason for a sentence reduction, referring to his "exemplary conduct" during his term of imprisonment. Appellant's Br. 7. By statute, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); *see also Shkambi*, 993 F.3d at 391. So even taking Tarnawa's asserted rehabilitation and supporting evidence at face value, he still has not shown any extraordinary and compelling reason for a sentence reduction.

**2. Tarnawa failed to show that the court erred in denying his request for a reduction under the factors at 18 U.S.C. § 3553(a).**

Under 18 U.S.C. § 3582(c)(1)(A), "a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in Section 3553(a) to the extent that they are applicable.'" *Ward*, 11 F.4th at 360. Section 3553(a) directs courts to consider the following factors: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need

to provide restitution to the victim. 18 U.S.C. § 3553(a); *United States v. Wilson*, 2024 WL 4267923, at *3 n.7 (E.D. Tex. Sep. 23, 2024).

"[M]otions for compassionate release are inherently discretionary." *Ward*, 11 F.4th at 360. Accordingly, the "burden falls on the defendant to convince the district judge to exercise" that discretion in view of the Section 3553(a) factors. *Id* at 361 (quotation omitted). If the defendant does not carry his burden, the district court can deny his motion without deciding whether his proffered grounds qualify as extraordinary or compelling, or whether they are consistent with the applicable policy statement. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) ("we have regularly affirmed the denial of a compassionate-release motion where the district court's weighing of the Section 3553(a) factors can independently support its judgment" (ellipses and quotation omitted)). Here, the Section 3553(a) factors provide an independent basis to deny Tarnawa's motion.

As the district court reasoned, granting Tarnawa's motion would not serve the § 3553(a) factors because his release would not adequately reflect the serious nature and circumstances of the offense of conviction. ROA.977. The court's conclusion finds full support in the record.

Tarnawa was responsible for a total loss of $16,627,498.47. ROA.963. In addition to monetary loss, he cost society, including law enforcement, the court, and the victims an "unimaginable amount of time and resources." ROA.977.

Further, the court aptly noted that "[t]he nature of circumstances are serious" and that "his release would undermine the need for the sentence imposed to reflect the seriousness of the offense and would not promote respect for the law." ROA.977. The district court recognized its obligation "to protect the public from further crimes by [Tarnawa] and deter future criminal conduct." ROA.977; see 18 U.S.C. § 3553(a). Under the facts of this case, granting compassionate release would undermine these aims. First, keeping Tarnawa in custody protects society from the possibility that he will reoffend. Second, other individuals may become emboldened to engage in similar conduct if lengthy sentences can routinely be reduced by granting motions for compassionate release.

On appeal, Tarnawa argues the district court erred because it did not consider his reasons for compassionate release. Appellant's Br. 1-8. But, as discussed above, not only was Tarnawa's reason neither extraordinary nor compelling, the lower court was not required to

address it because Tarnawa has failed to show that a reduction is warranted under the § 3553(a) factors. The district court's ruling was not an abuse of discretion and, therefore, not reversible error.

For all these reasons, this Court should affirm the district court's ruling denying any sentence reduction. Doing so will ensure that, now as before, Tarnawa's prison term reflects the seriousness of his crimes; promotes respect for the law; provides just punishment; affords adequate deterrence; and protects the public.

## Conclusion

The United States respectfully urges this Court to affirm the district court's denial of Tarnawa's motion for compassionate release.

Respectfully submitted,

Jay R. Combs
United States Attorney
Eastern District of Texas

/s/ Alan R. Jackson
Alan R. Jackson
Assistant United States Attorney
110 N. College, Suite 600
Tyler, Texas 75702
(903) 590-1400

## Certificate of Service

I certify that a true and accurate copy of this brief has been served on appellant Donald Tarnawa, by mail to Donald Tarnawa, Reg. No. 32152-013, FCI Hazelton, PO Box 5000, Bruceton Mills, WV 26525, on July 13, 2026.

/s/ Alan R. Jackson
Alan R. Jackson
Assistant United States Attorney

## Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because it contains 2,201 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It was prepared in a proportionally spaced typeface using Microsoft Word Version 14.0.6129.5000 in 14-point Century Schoolbook font.

/s/ Alan R. Jackson
Alan R. Jackson
Assistant United States Attorney
Dated: July 13, 2026